■ In the Matter of JOHN ORLOFF, Respondent, v. CITY OF GLOVERSVILLE et al., Appellants.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, entered in Fulton County, in a proceeding brought pursuant to CPLR article 78, annulling a determination by appellants reclassifying respondent from lieutenant to patrolman, and directing his reinstatement to the rank of lieutenant. Special Term correctly held that since respondent was performing the duties of a lieutenant and receiving the salary thereof until his reclassification on April 16, 1969, he was not aggrieved until such time, and that accordingly since his petition for reinstatement of June 3, 1969 and his bringing of the instant proceeding on July 8, 1969 were within the four-month period following such reclassification, the Statute of Limitations under article 78, and the doctrine of laches did not preclude his bringing the instant proceeding. We also concur in Special Term's conclusion that despite the fact that respondent's promotion to lieutenant was denominated " probationary ", it was in fact permanent (*Matter of Rasmussen* v. *Board of Supervisors of County of Erie*, 175 Misc. 838, affd. 262 App. Div. 815; *Matter of Spindel* v. *New York City Housing Auth.*, 41 Misc 2d 363; *Kass* v. *Gross*, 76 N. Y. S. 2d 309). Section 63 of the Civil Service Law does not mandate a probationary period where as here the promotion is intradepartmental and appellant's rule XIV does not even provide for one. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.